## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MORGAN AIKEN III,<br><br>                  Plaintiff,<br><br>vs.<br><br>CATHERINE M.R. CASTRO and EDWARD CASTRO,<br><br>                  Defendant. | Superior Court Case No. <u>CV0084-19</u><br><br><br>**DECISION AND ORDER RE PLAINTIFF'S MOTION FOR RECONSIDERATION OF SANCTIONS** |

The Court here considers Plaintiff Morgan Aiken III's Motion for Reconsideration of the Court's September 15, 2020 Decision and Order which granted Defendants Catherine and Edward Castro's Motion For Sanctions for Failure to Comply with the Court's Order re Discovery ("Motion for Sanctions"). Having considered the parties' arguments and applicable law, the Court DENIES Aiken's Motion, with the caveat that he may present evidence submitted in the related proceeding, *Castro v. Aiken*, CV0244-19.

## I.  BACKGROUND

On July 1, 2020, the Court granted the Castros' Motion to Compel Aiken to respond to their first set of interrogatories. Finding that the interrogatories sought discoverable information under Guam Rule of Civil Procedure 26, the Court ordered Aiken to disclose the information requested fully and completely by July 7, 2020. Aiken failed to do so, and, on September 15, 2020, the Court granted the Castros' Motion for Sanctions. The Court sanctioned Aiken under GRCP 37(c), barring him from presenting any information or documents at trial that he has not already filed with the Court or presented to the Castros.


ORIGINAL

## II.    LAW AND DISCUSSION

In his Motion for Reconsideration, Aiken provides amended answers to the Castros' Interrogatories that provide some context to his previous answers. For instance, Aiken includes the following amended answer to Interrogatories One and Two:

> Plaintiff's complaint; raise the issues of harassment and threats from the Defendants. Therefore, for safety (vice security) reasons, Plaintiff is requesting through the court to decline responding to this question for fear of continued harassment and threats from the Defendants and to prevent future harassment and threats from the Defendants.
>
> Plaintiff believes that the Defendant will again begin threats and harassment against Plaintiff if Defendants are given Plaintiff's address.
>
> Also, Plaintiff is questioning the relevance of the question since the Plaintiff has not raised any claims against the Defendants regarding this matter.
>
> Plaintiff has additional evidence to show the continued threats and harassment by the Defendants.

Mot. Reconsideration of Sanctions (Dec. 7, 2020).

As to the remaining Interrogatories, Aiken references previous submissions. For Interrogatory Four, Aiken points to Exhibits 3 and 4, which were submitted to the Court on March 19, 2019. Aiken also references various exhibits filed on July 23, 2019. For Interrogatories Five and Six, Aiken points to the July 23, 2019 exhibits.

Aiken also references additional evidence that may be provided based on questions and responses to and from the Castros. Lastly, Aiken claims that he is not asking for the discovery period to be reopened and requests the Court to deny any motion filed by the Castros' to do so.

Under Guam Rule of Civil Procedure 59(e), reconsideration may be granted where the trial court "(1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1 ¶ 10. The Court sanctioned Aiken under GRCP 37(c)(1), which proscribes:

ORIGINAL

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

GRCP 37(c)(1).

Aiken's Motion presents no legal basis for reconsideration of the sanction that he may not present any information or documents at trial that he has not already filed with the Court or presented to the Castros. The Court again reiterates its rejection of Aiken's argument that he refused to respond to Interrogatory One and Two for "security reasons." Furthermore, Aiken's reference to the evidence he submitted on March 19, 2019 and July 23, 2019 is not barred from the Court's sanction, as he submitted it prior to the Court's sanction. *See* Submissions of Exhibits and Letter (Mar. 19, 2019); and For 1. Addendum to Case Filed January 25, 2019 2. Unlawful Detainer 3. Remedies (Jul. 23, 2019).

The Court does note, however, that Aiken is self-represented. In Guam, the filings of pro se litigants are given considerable, lenient treatment in the aim of giving the parties every fair opportunity to present their cases. *Allen v. Richardson*, 2020 Guam 13 ¶ 8. Lenient treatment includes liberally construing their filings. *Ji v. Toves*, 2020 Guam 2 ¶ 13.

During the course of these proceedings, the parties concurrently litigated CV0244-19, an unlawful detainer action, before Magistrate Judge Jonathan Quan. While the Court makes no legal finding here as to the evidence presented in CV0244-19, given that Aiken is pro se, the Court finds that the Castros' are on notice of any evidence presented during the course of that litigation. Accordingly, to the extent that Aiken's reference to information previously submitted to the Castros includes information from CV0244-19, the Court finds that failing to disclose the information in these proceedings is harmless. *See* GRCP 37(c)(1) ("A party that... fails to

ORIGINAL

disclose information required by Rule 26(a)... is not, *unless such failure is harmless*, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed") (emphasis added). Aiken is prohibited, however, from using evidence at trial that was not submitted prior to the Court's sanction or not submitted in the course of CV0244-19.

## III. CONCLUSION

Since Aiken provides no basis for reconsideration of the Courts Order Granting Motion for Sanctions, the Court DENIES the Motion for Reconsideration. The Court also finds, based on the leniency the Supreme Court of Guam affords to pro se plaintiffs, that Aiken may present evidence submitted in CV0244-19.

SO ORDERED this 27th day of April 2021.

_____
HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

M. Aiken

M. Hemlani

Date: _____ Time: 4/27/21

_____
Deputy Clerk, Superior Court of Guam

Appearing Parties:
Morgan Aiken III, *pro se*
Minakshi V. Hemlani, Law Offices of Minakshi V. Hemlani, P.C., for Defendants Catherine M.R. Castro and Edward Castro

ORIGINAL